MGD/HDM:AJE
F. #2023R00064

Filed Under Seal
File Date: February 24, 2023
Case Number: 23-cr-00089
Judge Eric N. Vitaliano
Magistrate Judge Ramon E. Reyes, Jr

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOHN YIU,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 18, U.S.C., §§ 982(a)(7), 982(b)(1),
371, 1349, 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 42, U.S.C.,
§ 1320a-7b(b)(1)(B))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.     Background

    A.     The Medicare and Medicaid Programs

        1.     The Medicare program ("Medicare") was a federal health care program providing benefits to persons who were at least 65 years old or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services ("CMS"), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

        2.     Medicare was divided into multiple parts. Medicare Part D provided prescription drug coverage to persons who were eligible for Medicare. Medicare beneficiaries could obtain Part D benefits in two ways: (a) by joining a prescription drug plan, which covered only prescription drugs; or (b) by joining a Medicare Advantage Plan, which covered both prescription drugs and medical services (collectively, "Part D Plans"). These Part D Plans were

operated by private companies, often referred to as drug plan "sponsors," that were approved by Medicare.

3. The New York State Medicaid program ("Medicaid") was a federal and state health care program providing benefits to individuals and families who met specified financial and other eligibility requirements, and certain other individuals who lacked adequate resources to pay for medical care. CMS was responsible for overseeing Medicaid in participating states, including New York. Individuals who received benefits under Medicaid were referred to as Medicaid "recipients."

4. In New York State, Medicaid provided coverage to its recipients for prescription drugs. Medicaid recipients could obtain their prescription drug benefits from pharmacies either through "fee-for-service" enrollment or through "Medicaid Managed Care Plans," which were administered by private insurance companies that were paid by Medicaid.

5. Medicare, Part D Plans, Medicaid and Medicaid Managed Care Plans (collectively, the "Health Plans") each qualified as a "health care benefit program," as defined by Title 18, United States Code, Section 24(b), and a "[f]ederal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f).

6. Pharmacies were permitted to submit claims for reimbursement to the Health Plans only for medications that were medically necessary and that were not the product of kickbacks and bribes, among other requirements.

B. <u>The Defendant and Relevant Entities</u>

7. The defendant JOHN YIU was a physician who was licensed by the State of New York and resided in Holmdel, New Jersey.

8. AC Pharmacy Corp. ("AC Pharmacy") was a pharmacy located in Brooklyn, New York. AC Pharmacy was registered as a pharmacy establishment with the State

2

of New York since approximately September 2008. Amanda Hon, Si Ci Zhu and others were owners and officers of AC Pharmacy. The defendant JOHN YIU worked at a medical clinic located near AC Pharmacy between at least 2019 and 2021.

9. Company 1 and Company 2, entities the identities of which are known to the Grand Jury, were companies owned by relatives of the defendant JOHN YIU.

C. Diclofenac Epolamine

10. Diclofenac epolamine was a nonsteroidal anti-inflammatory drug that was available as a transdermal patch and was indicated for the topical treatment of acute pain due to minor strains, sprains and contusions.

II. The Health Care Fraud and Kickback Scheme

11. In or about and between approximately August 2019 and January 2021, the defendant JOHN YIU, together with others, agreed to execute and executed a fraudulent scheme whereby AC Pharmacy submitted claims to the Health Plans that were procured by the payments of bribes and kickbacks, were medically unnecessary or did not otherwise qualify for reimbursement.

12. In particular, the defendant JOHN YIU agreed with others, including but not limited to Amanda Hon and Si Ci Zhu, to pay, and cause to be paid, illegal kickbacks and bribes to YIU in exchange for prescribing medications and referring beneficiaries and recipients to AC Pharmacy. YIU, together with others, further agreed to submit and cause to be submitted false and fraudulent claims to the Health Plans for dispensing prescription drugs that were: (a) ineligible for payment by Medicare and Medicaid because, inter alia, they were dispensed in connection with the payment of kickbacks and bribes; and (b) medically unnecessary.

13. In furtherance of the scheme, the defendant JOHN YIU regularly prescribed medications, including expensive medications such as diclofenac epolamine. In

exchange for prescribing medications and referring customers to AC Pharmacy, YIU received a portion of AC Pharmacy's profits, which were paid in cash and by checks drawn on AC Pharmacy's bank accounts and made payable to Company 1 and Company 2.

14. In or about and between approximately August 2019 and January 2021, Part D Plans paid AC Pharmacy over approximately $2.2 million for dispensing drugs prescribed by the defendant JOHN YIU, including but not limited to diclofenac epolamine.

## COUNT ONE
(Conspiracy to Commit Health Care Fraud)

15. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

16. In or about and between August 2019 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN YIU, together with others, did knowingly and willfully conspire to execute a scheme and artifice to defraud the Health Plans, which are health care benefit programs, as that term is defined under Title 18, United States Code, Section 24(b), and to obtain, by means of one or more materially false and fraudulent pretenses, representations and promises, money and property owned by, and under the custody and control of, the Health Plans, in connection with the delivery of and payment for health care benefits, items and services, contrary to Title 18, United States Code, Section 1347.

(Title 18, United States Code, Sections 1349 and 3551, et seq.)

## COUNT TWO
(Conspiracy to Solicit and Receive Health Care Kickbacks)

17. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

4

18. In or about and between August 2019 and January 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN YIU, together with others, did knowingly and willfully conspire to solicit and receive kickbacks, directly and indirectly, overtly and covertly, in cash and in kind in return for purchasing, leasing, ordering and arranging for and recommending purchasing, leasing and ordering goods, facilities, services and items for which payment may have been made in whole and in part under a federal health care program, that is, the Health Plans, contrary to Title 42, United States Code, Section 1320a-7b(b)(1)(B).

19. In furtherance of the conspiracy and to effect its objects, within the Eastern District of New York and elsewhere, the defendant JOHN YIU, together with others, committed and caused the commission of, among others, the following:

### OVERT ACTS

(a) On or about September 30, 2019, YIU sent a message to Amanda Hon, Si Ci Zhu and others via a messaging app, identifying a patient by name and date of birth, and wrote "patch sent, please call pt once approved, thanks!"

(b) On or about October 5, 2019, YIU sent a message to Amanda Hon, Si Ci Zhu and others via a messaging app, identifying a patient by name and date of birth, and wrote "patch sent."

(c) On or about July 30, 2020, a check was written from a bank account held in the name of AC Pharmacy and made payable to Company 1 in the amount of $3,000, bearing the memo note "JY."

(d) On or about September 4, 2020, a check was written from a bank account held in the name of AC Pharmacy and made payable to Company 1 in the amount of $28,932.

(e) On or about October 15, 2020, a check was written from a bank account held in the name of AC Pharmacy and made payable to Company 1 in the amount of $56,883.

(f) On or about November 20, 2020, a check was written from a bank account held in the name of AC Pharmacy and made payable to Company 2 in the amount of $34,566.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

### COUNTS THREE THROUGH SIX
(Soliciting and Receiving Health Care Kickbacks)

20. The allegations contained in paragraphs one through 14 are realleged and incorporated as if fully set forth in this paragraph.

21. On or about the dates set forth below, within the Eastern District of New York and elsewhere, the defendant JOHN YIU, together with others, did knowingly and willfully solicit and receive kickbacks, directly and indirectly, overtly and covertly, in cash and in kind, in return for purchasing, leasing, ordering and arranging for and recommending purchasing, leasing and ordering goods, facilities, services and items for which payment may have been made in whole and in part under a federal health care program, that is, the Health Plans, as set forth below:

| Count | Approximate Date | Kickback |
|---|---|---|
| Three | July 30, 2020 | Payment by check in the amount of $3,000 made payable to Company 1 |
| Four | September 4, 2020 | Payment by check in the amount of $28,932 made payable to Company 1 |

6

| Count | Approximate Date | Kickback |
|---|---|---|
| Five | October 15, 2020 | Payment by check in the amount of $56,883 made payable to Company 1 |
| Six | November 20, 2020 | Payment by check in the amount of $34,566 made payable to Company 2 |

(Title 42, United States Code, Section 1320a-7b(b)(1)(B); Title 18, United States Code, Sections 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

22. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(7), which requires any person convicted of a federal health care offense to forfeit property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the commission of such offense.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(7) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

*[signature]*
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*

---

BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

*Glenn S. Leon /by AJE*
---
GLENN S. LEON
CHIEF, FRAUD SECTION
CRIMINAL DIVISION
U.S. DEPARTMENT OF JUSTICE

F.#: 2023R00064  
FORM DBD-34  
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

JOHN YIU,

Defendant.

## INDICTMENT

(T. 18, U.S.C. §§ 982(a)(7), 982(b)(1), 371, 1349, 2 and 3551 et seq.; T. 21, U.S.C. § 853(p); T. 42, U.S.C., § 1320a-7b(b)(1)(B))

A true bill.

_____  
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____  
Clerk

Bail, $ _____

*Andrew Estes, Trial Attorney (718) 254-6250*