1

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
 2
    - - - - - - - - - - - - - - - - X
 3
    UNITED STATES OF AMERICA,     : 23-CR-00089(HG)
 4                                :
                                  :
 5                                :
        -against-                 : United States Courthouse
 6                                : Brooklyn, New York
                                  :
 7                                :
                                  : Wednesday, March 6, 2024
 8  JOHN YIU,                     :
                                  :
 9          Defendant.            :
                                  :
10  - - - - - - - - - - - - - - - - X
```

11          TRANSCRIPT OF CRIMINAL CAUSE FOR PLEA HEARING
            BEFORE THE HONORABLE HECTOR GONZALEZ
12                UNITED STATES DISTRICT JUDGE

13                  A P P E A R A N C E S :

14  For the Government: BREON S. PEACE, ESQ.
                        United States Attorney
15                      Eastern District of New York
                        271 Cadman Plaza East
16                      Brooklyn, New York 11201
                    BY:  MIRIAM GLASER DAUERMANN, ESQ.
17                      Assistant United States Attorneys

18  For the Defendant:   LAW OFFICE OF JEFFREY CHABROWE
                        521 Fifth Avenue
19                      17th Floor
                        New York, New York 10175
20                  BY:JEFFREY A. CHABROWE, ESQ.

21

22  Court Reporter:  Nicole J. Sesta, RMR, CRR, RPR
                     Official Court Reporter
23                   E-mail:  NSestaRMR@gmail.com

24  Proceedings recorded by computerized stenography.  Transcript
    produced by Computer-aided Transcription.

25

1      THE COURTROOM DEPUTY:  This is criminal cause for a

2   change of plea, docket number 23-CR-00089, United States of

3   America versus Yiu.  Parties, please state your appearances

4   for the record, starting with the government.

5      MS. GLASER DAUERMANN:  Miriam Glaser Dauermann for

6   the United States.  Good afternoon, Your Honor.

7      THE COURT:  Good afternoon.

8      MR. CHABROWE:  Jeff Chabrowe for Dr. Yiu.  Good

9   afternoon, Your Honor.

10      THE COURT:  Good afternoon.  Mr. Chabrowe, I

11   understand that we are here today for a change of plea and

12   your client intends to plead guilty to Count 1 of the

13   indictment.

14      MR. CHABROWE:  That's correct.

15      THE COURT:  Mr. Yiu, obviously today's proceeding is

16   an important day for you and I want to make sure that you

17   understand what is going to happen today.  I'm going to be

18   asking you a series of questions.

19      If at any point you don't understand something that

20   I say, just let me know and I'll make sure I'll try to make it

21   more clear.

22      If at any point you need to take time to discuss

23   anything with your attorney let me know and we'll take as much

24   time as you need.

25      MR. CHABROWE:  Judge, could we have one minute for

1    me to discuss something with Dr. Yiu.

2              THE COURT:  Yes.  Let me just finish this.  Do you

3    understand what I'm saying?

4              THE DEFENDANT:  Yes, Your Honor.

5              (Pause.)

6              MR. CHABROWE:  Okay, Your Honor.  I don't believe

7    the Court has a signed copy.

8              THE COURT:  That's fine.

9              MR. CHABROWE:  Okay.

10             THE COURT:  Mr. Yiu, at this time what I'm going to

11   do is I'm going to have Mr. Neptune put you under oath because

12   I need you to answer the questions that I'm going to ask you

13   having been sworn in.  If you could stand and raise your right

14   hand.

15             (Defendant sworn.)

16             THE COURT:  You can be seated.  It's also important

17   now for you to realize that because you are under oath if you

18   answer any of my questions falsely that could subject you to

19   additional charges for answering falsely while being under

20   oath.

21             Do you understand that?

22             THE DEFENDANT:  I understand.

23             THE COURT:  Can you tell us, for the record, what is

24   your full name?

25             THE DEFENDANT:  John Yiu.

*Proceedings*                                                    4

1        THE COURT:  How old are you?

2        THE DEFENDANT:  53.

3        THE COURT:  What is the highest level of school or

4   education that you have?

5        THE DEFENDANT:  Post-graduate, MD.

6        THE COURT:  Just based on my interactions with you

7   now, you're able to understand and speak English, correct?

8        THE DEFENDANT:  Yes, Your Honor.

9        THE COURT:  And have you ever been treated or

10  hospitalized for any sort of mental illness?

11       THE DEFENDANT:  No, Your Honor.

12       THE COURT:  Are you currently or have you recently

13  been under the care of a doctor or a psychiatrist for any

14  reason?

15       THE DEFENDANT:  No, Your Honor.

16       THE COURT:  Have you ever been treated or

17  hospitalized for any type of addiction, including drug or

18  alcohol addiction?

19       THE DEFENDANT:  No, Your Honor.

20       THE COURT:  Have you taken any drugs, medicine,

21  pills, or any alcoholic beverages in the past 24 hours?

22       THE DEFENDANT:  No, Your Honor.

23       THE COURT:  Do you feel that your mind is clear

24  today?

25       THE DEFENDANT:  Yes, Your Honor.

*Proceedings* 5

1    THE COURT:  And do you understand what is happening

2  today?

3    THE DEFENDANT:  Yes, Your Honor.

4    THE COURT:  Mr. Chabrowe, does your client have any

5  physical, based on your interactions with him, any physical or

6  mental condition that you believe may impair his ability to

7  participate or otherwise understand today's proceedings?

8    MR. CHABROWE:  Not as far as I know, Your Honor, no.

9    THE COURT:  And have you had enough time to discuss

10  the matter with your client?

11    MR. CHABROWE:  Yes.

12    THE COURT:  Does he understand the rights that he'll

13  be waiving should I accept his plea of guilty today?

14    MR. CHABROWE:  Yes, he does.

15    THE COURT:  Do you have any doubt as to Mr. Yiu's

16  competence to plead at this time?

17    MR. CHABROWE:  No.

18    THE COURT:  Do you have any doubt that he

19  understands the nature of today's proceedings?

20    MR. CHABROWE:  No.

21    THE COURT:  Have you had an opportunity, also, to

22  discuss with him the various sentencing issues, including the

23  maximum sentence and fine that could be imposed in this case,

24  as well as the effect of the advisory sentencing guidelines?

25    MR. CHABROWE:  I have discussed all of that with

*Proceedings*                                                                   6

1   him, yes.

2          THE COURT:  Mr. Yiu, do you feel that you've had

3   enough opportunity to discuss today's proceedings and your

4   intended plea of guilty with your attorney?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  And overall are you satisfied with the

7   representation that you've received from Mr. Chabrowe?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  You've been given a copy of the

10  indictment in this case, correct?  That's the document that

11  has the charges against you.

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  And let me ask the government, I

14  understand from the proposed plea agreement that the defendant

15  will be pleading guilty to Count 1 in the indictment, and that

16  upon sentencing in this case the government will dismiss the

17  remaining counts in the indictment; is that correct?

18         MS. GLASER DAUERMANN:  That's correct, Your Honor.

19         THE COURT:  Ms. Glaser Dauermann, if you could

20  describe the charge that the defendant will be pleading guilty

21  to and Mr. Yiu, what I want you to do is pay close attention

22  because I'm going to ask you if that's your understanding of

23  what you'll be pleading guilty to today.  Okay?

24         THE DEFENDANT:  Yes.

25         MS. GLASER DAUERMANN:  The indictment charges that

*Proceedings*                                                                 7

1    between August of 2019 and the end of 2020, beginning of 2021,

2    the defendant conspired with others, specifically owners of a

3    pharmacy called AC Pharmacy in Brooklyn, to refer patients to

4    the pharmacy in exchange for kickbacks.  Some of the drugs

5    that were referred were not medically necessary.  All of them

6    were procured by kickbacks.

7              THE COURT:  Mr. Yiu, do you understand that that is

8    the charge that you'll be pleading guilty to today?

9              MR. CHABROWE:  To be clear, Judge, the charge is

10   kickbacks.  There isn't -- the medically unnecessary is not an

11   element of the crime.

12             MS. GLASER DAUERMANN:  It is not an element of the

13   crime, but it is charged in the indictment and that's part of

14   the charge.

15             THE COURT:  Is it necessary for his allocution?

16             MS. GLASER DAUERMANN:  No, it's not.

17             THE COURT:  You can represent to me that that's

18   something that the government would be able to prove, but for

19   purposes of the allocution, I just want to be clear that it's

20   not necessary; is that correct?

21             MS. GLASER DAUERMANN:  That's correct, Your Honor.

22             THE COURT:  Mr. Chabrowe, do you believe that based

23   on your interactions with your client that he understands

24   these charges that he's pleading guilty to?

25             MR. CHABROWE:  Yes, he does.

*Proceedings*                                                    8

1      THE COURT:  The victims in this case are Medicare
2  and Medicaid?

3      MS. GLASER DAUERMANN:  Yes, Your Honor.

4      THE COURT:  Any other insurance or health benefit
5  program?

6      MS. GLASER DAUERMANN:  No.

7      THE COURT:  I assume they are aware of today's plea?

8      MS. GLASER DAUERMANN:  They are aware and a
9  representative of HHSOIG is here.

10      THE COURT:  Mr. Yiu, I'm going to ask you a series
11  of questions about the rights that you're entitled to as a
12  defendant in a criminal matter, and also that by pleading
13  guilty today you'll be giving up those rights.

14      You have the right to continue to plead not guilty
15  and no one can force you to plead guilty.  Do you understand
16  that?

17      THE DEFENDANT:  Yes, I understand.

18      THE COURT:  And you would have the right under the
19  Constitution and the laws of the United States to both a
20  speedy and a public trial.  Do you understand that?

21      THE DEFENDANT:  I understand, Your Honor.

22      THE COURT:  At that trial, you would be presumed
23  innocent and the government would have to prove your guilt
24  beyond a reasonable doubt.

25      Do you understand that?

1          THE DEFENDANT:  I understand, Your Honor.

2          THE COURT:  You would have the right to the

3    assistance of counsel for your defense, who would represent

4    you at the trial and at every other stage of the proceeding.

5    Do you understand that?

6          THE DEFENDANT:  I understand, Your Honor.

7          THE COURT:  You would also have the right to see and

8    hear all the witnesses that the government calls in its case

9    against you and to have them cross-examined in your defense.

10   Do you understand that?

11         THE DEFENDANT:  I understand, Your Honor.

12         THE COURT:  You would also have the right on your

13   own part to decline to testify unless you voluntarily elect to

14   do so in your own defense.  Do you understand that?

15         THE DEFENDANT:  I understand, Your Honor.

16         THE COURT:  You would also have the right to compel,

17   that means order through a subpoena, the attendance of

18   witnesses to testify in your defense.  Do you understand that?

19         THE DEFENDANT:  I understand, Your Honor.

20         THE COURT:  If you were to decide not to testify or

21   to put on any evidence at trial, I would instruct the jury

22   that those facts could not be used against you.

23         Do you understand that?

24         THE DEFENDANT:  I understand, Your Honor.

25         THE COURT:  By entering a plea of guilty, if I

1  accept your plea of guilty, there will be no trial and you

2  will have waived or given up your right to a trial, as well as

3  all these associated rights that I just described for you.

4              Do you understand that?

5              THE DEFENDANT:  I understand, Your Honor.

6              THE COURT:  There will be no further trial of any

7  kind and no right of appeal from the judgment of guilty.  I

8  will simply enter a judgment of guilty on the basis of your

9  guilty plea today.

10             Do you understand that?

11             THE DEFENDANT:  I understand, Your Honor.

12             THE COURT:  If you plead guilty I'm going to have to

13 ask you some questions about what it is that you did that

14 makes you guilty of the offense in Count 1.  So by answering

15 my questions you'll effectively be incriminating yourself.

16             Do you understand that?

17             THE DEFENDANT:  I understand, Your Honor.

18             THE COURT:  You'll be giving up your right to not

19 incriminate yourself.  Do you understand that?

20             THE DEFENDANT:  I understand, Your Honor.

21             THE COURT:  Mr. Yiu, do you understand each and

22 every one of the rights that I've just described for you or do

23 you have any questions for me?

24             THE DEFENDANT:  No questions, Your Honor.

25             THE COURT:  So you understand them?

*Proceedings*                                                    11

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Are you willing to give up your right to

3   a trial and these other rights that I've just discussed with

4   you in order to enter your plea of guilty?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  I also understand that you're pleading

7   guilty pursuant to an agreement with the government, what's

8   known as a plea agreement, that I believe you just signed here

9   in court today; is that correct?

10          THE DEFENDANT:  Correct, Your Honor.

11          THE COURT:  And is that a copy of the original plea

12  agreement?

13          MR. CHABROWE:  Yes.

14          THE COURT:  If you could give that to the government

15  because I'm going to ask the government to maintain custody of

16  that.

17          That was your signature on the last page of that

18  document?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  And you had an opportunity to read and

21  discuss that agreement with your attorney before you signed

22  it?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  I'm going to have that document marked

25  as Court Exhibit 1 and ask that the government maintain

*Proceedings*                                                    12

1    custody of the original plea agreement.

2              MS. GLASER DAUERMANN:  Yes, Your Honor.

3              (Court Exhibit 1 so marked.)

4              THE COURT:  Did you have sufficient time to review

5    that agreement with your attorney?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  To the extent you might have had any

8    questions about that agreement, were those questions answered

9    to your satisfaction?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Mr. Chabrowe, did you have sufficient

12   time to review the agreement with your client?

13             MR. CHABROWE:  I have.

14             THE COURT:  And now, Mr. Yiu, do you have any

15   questions for me about the agreement?

16             THE DEFENDANT:  No, Your Honor.

17             THE COURT:  And does the agreement represent in its

18   entirety any understanding that you have with the government?

19   In other words, other than this agreement, is there any other

20   agreement that you have with the government?

21             THE DEFENDANT:  No, Your Honor.

22             THE COURT:  Has anyone made any promise or assurance

23   to you that is not in that agreement in order to persuade you

24   to sign the agreement?

25             THE DEFENDANT:  No, Your Honor.

1        THE COURT:  Has anyone threatened you in any way to

2   persuade you to accept the plea agreement?

3        THE DEFENDANT:  No, Your Honor.

4        THE COURT:  And, Mr. Chabrowe, were all formal plea

5   offers from the government conveyed to your client?

6        MR. CHABROWE:  Yes.

7        THE COURT:  Now, Mr. Yiu, I'm going to tell you

8   about some of the possible penalties to the crime to which you

9   intend to plead guilty.  If you have any questions about

10  anything I say, just let me know.

11       So the charge you intend to plead guilty to, which

12  is Count 1 of the indictment, is a conspiracy to commit health

13  care fraud.  That offense has no minimum, mandatory minimum

14  term of imprisonment, but has a maximum term of imprisonment

15  of ten years.

16       Do you understand that?

17       THE DEFENDANT:  I understand, Your Honor.

18       THE COURT:  And any term of imprisonment related to

19  that charge may be followed by a term of supervised release,

20  and the maximum term of supervised release is three years.

21       Do you understand that?

22       THE DEFENDANT:  I understand, Your Honor.

23       THE COURT:  And supervised release means that you'll

24  be subject to supervision by the probation department and that

25  you'll have to follow a series of rules and guidance from the

*Proceedings*                                                                    14

1    probation department, and if you violate any of those

2    restrictions that could subject you to additional jail or

3    prison time.

4              Do you understand that?

5              THE DEFENDANT:  I understand, Your Honor.

6              THE COURT:  You also face a possible maximum fine of

7    the greater of $250,000, or twice the gross gain or loss from

8    the crime charged in Count 1.  Do you understand that?

9              THE DEFENDANT:  I understand, Your Honor.

10             THE COURT:  In addition, because you're pleading

11   guilty to one count, I have to assess a mandatory special

12   assessment of $100 at the time of sentencing.

13             Do you understand that?

14             THE DEFENDANT:  I understand, Your Honor.

15             THE COURT:  And based on my review of the plea

16   agreement, there is an indication there that you may be

17   subject to paying restitution in the amount of almost

18   $625,000.  Do you understand that?

19             THE DEFENDANT:  Yes, Your Honor.

20             THE COURT:  I also see from the plea agreement,

21   which is paragraph 6 through 13 of the plea agreement, that

22   you will forfeit an amount of approximately $397,000 as part

23   of the plea in this case.

24             Do you understand that?

25             THE DEFENDANT:  I understand, Your Honor.

1          THE COURT:  And, Mr. Yiu, are you a US citizen?

2          THE DEFENDANT:  Yes, Your Honor.

3          THE COURT:  So I don't need to go through with you

4     the immigration consequences of a conviction.  But I did see

5     in the plea agreement in paragraph 15 that you'll be subject

6     to what's known as debarment, or exclusion from federal health

7     care programs, including Medicare and Medicaid, as a result of

8     this conviction.

9          Do you understand that?

10         THE DEFENDANT:  I understand, Your Honor.

11         THE COURT:  I didn't see anything in the plea

12    agreement of this, but I believe you may also be subject to

13    other collateral consequences as a result of this conviction

14    related to your medical license.

15         Is that something that you're aware of?

16         THE DEFENDANT:  Yes.  I'm sure it will impact, yes.

17         THE COURT:  Are there any other collateral

18    consequences, Ms. Glaser Dauermann, that the defendant should

19    be aware of?

20         MS. GLASER DAUERMANN:  Not that are under the

21    government's control.  And the reason that the medical license

22    is not in there is because we don't actually control whether

23    or not the New York State licensure chooses to revoke his

24    license.  But it is potentially true that it could have an

25    impact on his license.

1          THE COURT:  My question was not that that's

2    something that will happen or that the government has any

3    control over, but just that it's something that may occur and

4    you've indicated that you are aware of that.

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Now under the Sentencing Reform Act of

7    1984, the sentencing commission has established a series of

8    sentencing guidelines, and those are sentencing guidelines

9    that I have to consider as part of your sentence.

10         Are you aware of that?

11         THE DEFENDANT:  Yes, Your Honor.

12         THE COURT:  Have you had an opportunity to discuss

13   with your attorney how those advisory sentencing guidelines

14   might affect your case, and in particular your sentence in

15   this case?

16         THE DEFENDANT:  Yes, Your Honor.

17         THE COURT:  And based on my review of the plea

18   agreement, I understand that the government believes that the

19   applicable advisory guideline range in this case for the

20   charge that you're going to be pleading guilty to is 24 to

21   30 months.

22         Do you understand that?

23         THE DEFENDANT:  I understand, Your Honor.

24         THE COURT:  And, Mr. Chabrowe, does the defendant

25   have a different estimate of the applicable guidelines range?

*Proceedings*                                                              17

1           MR. CHABROWE:  No, Your Honor.

2           THE COURT:  Now, Mr. Yiu, what you should understand

3    is that these are only estimates and that those estimates

4    could be wrong.  I won't be able to determine what the

5    appropriate guideline range in your case is until the

6    probation department has prepared what is known as a

7    presentence report, which will go through a sentencing

8    guidelines calculation.

9           And it's not until that time and after I've had an

10   opportunity to hear from your attorney and the government that

11   I will be in a position to determine what the applicable

12   guidelines are.

13          Do you understand that?

14          THE DEFENDANT:  I understand, Your Honor.

15          THE COURT:  So the sentence I impose may be

16   different from any estimate that either your attorney or the

17   government may have given you.  Do you understand that?

18          THE DEFENDANT:  I understand, Your Honor.

19          THE COURT:  As a general matter, I also have the

20   authority in some circumstances to depart upward or downward

21   from the advisory guideline range, and that can result in a

22   sentence that is either greater or lesser than the advisory

23   guideline range that I calculate.

24          Do you understand that?

25          THE DEFENDANT:  I understand, Your Honor.

1          THE COURT:  As you sit here today there is no

2   guarantee to a particular sentencing guideline range.  Do you

3   understand that?

4          THE DEFENDANT:  I understand, Your Honor.

5          THE COURT:  Do you understand that if the advisory

6   guideline range in the presentence report is different than

7   the guideline range your attorney or the government may have

8   advised you of, or that you might expect, that you cannot take

9   back your plea of guilty?

10         THE DEFENDANT:  Yes.  I understand, Your Honor.

11         THE COURT:  If the ultimate sentence that I impose

12  is different than what you hope for or expect, you won't be

13  able to take back your guilty plea.  Do you understand that?

14         THE DEFENDANT:  I understand, Your Honor.

15         THE COURT:  As you sit here today, what is important

16  for you to realize is that there is no way for you to know

17  what your ultimate sentence will be because at this point I

18  don't know what your sentence will be.

19         Do you understand that?

20         THE DEFENDANT:  Yes.  I understand, Your Honor.

21         THE COURT:  You should also understand that there is

22  no parole in the federal system anymore.  What that means is

23  that if you're sentenced to a period of incarceration that you

24  won't be released early on what is known as parole.

25         Do you understand that?

1          THE DEFENDANT:  I understand, Your Honor.

2          THE COURT:  Now, do you understand that under some

3    circumstances you or the government may have the right to

4    appeal any sentence that I impose?

5          THE DEFENDANT:  I understand, Your Honor.

6          THE COURT:  But I also understand from reviewing

7    your plea agreement that as part of that plea agreement you

8    have waived or given up your right to appeal or collaterally

9    attack, which means that either through an appeal or through

10   another proceeding you won't be able to challenge any part of

11   your sentence or your conviction so long as I sentence you to

12   a period of imprisonment of 33 months or less, that that is

13   the amount of time that you have agreed you will waive your

14   right to appeal your sentence or conviction.

15         Do you understand that?

16         THE DEFENDANT:  I understand, Your Honor.

17         THE COURT:  Now, do you have any questions for me

18   about the rights that you're giving up, the punishment that

19   you might face, the plea agreement in this case, the charges

20   that you're going to plead guilty to, or anything else related

21   to this matter?

22         THE DEFENDANT:  No, Your Honor.

23         THE COURT:  Are you ready at this time, Mr. Yiu, to

24   enter a plea of guilty?

25         THE DEFENDANT:  Yes, Your Honor.

1        THE COURT:  And, Mr. Chabrowe, do you know of any

2   reason why your client should not plead guilty at this time?

3        MR. CHABROWE:  I do not.

4        THE COURT:  Mr. Yiu, what is your plea to Count 1 of

5   the indictment, which is a conspiracy to commit health care

6   fraud, guilty or not guilty?

7        THE DEFENDANT:  Guilty.

8        THE COURT:  Are you making the plea of guilty

9   voluntarily and of your own free will?

10        THE DEFENDANT:  Yes, Your Honor.

11        THE COURT:  Has anyone threatened or forced you in

12   any way to plead guilty today?

13        THE DEFENDANT:  No, Your Honor.

14        THE COURT:  Other than the agreement with the

15   government, has anyone made any promise to you that has caused

16   you to plead guilty today?

17        THE DEFENDANT:  No, Your Honor.

18        THE COURT:  Has anyone made any promise to you as to

19   what your sentence will be in this case?

20        THE DEFENDANT:  No, Your Honor.

21        THE COURT:  Now, in your own words if you could tell

22   me what it is you did that makes you guilty of the charges in

23   Count 1.

24        THE DEFENDANT:  Agreed with others to receive

25   payment in exchange for directing patient to pharmacy that did

*Proceedings*                                                            21

1   not -- that did so in the Eastern District of New York in 2019

2   and 2020.

3           THE COURT:  I see that you were reading a prepared

4   statement; is that correct?

5           THE DEFENDANT:  Correct, Your Honor.

6           THE COURT:  And did you have an opportunity to

7   discuss that statement with your attorney before your plea

8   today?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  And regardless of who had the main role

11  in preparing that statement, are you adopting that prepared

12  statement as if you, yourself, had written it?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  To the extent that you had any questions

15  about this statement, did your attorney answer those questions

16  to your satisfaction?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  And I may have missed it when you were

19  reading it, but where did the offense that you just

20  articulated, where did that take place?

21          THE DEFENDANT:  Eastern District.

22          THE COURT:  Which county in particular, which

23  borough, Queens, Brooklyn, Staten Island?

24          THE DEFENDANT:  Brooklyn.

25          THE COURT:  And tell me exactly what it is you did.

*Proceedings* 22

1   What did you do that made you guilty of the crime, you agreed

2   to?

3          THE DEFENDANT:  Accepting kickback for prescribing

4   medication for AC Pharmacy.

5          THE COURT:  And the pharmacy again?

6          THE DEFENDANT:  AC Pharmacy.

7          THE COURT:  That pharmacy was in Brooklyn?

8          MR. CHABROWE:  Correct.

9          THE DEFENDANT:  Correct, Your Honor.

10         THE COURT:  And your medical practice was where?

11         THE DEFENDANT:  Brooklyn.

12         THE COURT:  And for what period of time did you do

13   this?

14         THE DEFENDANT:  2019, 2020.

15         THE COURT:  Ms. Glaser Dauermann, is there anything

16   else that you believe the defendant needs to articulate in

17   order to have a satisfactory allocution?

18         MS. GLASER DAUERMANN:  No.  In reference to our

19   discussion earlier regarding what was submitted and why it was

20   submitted, the element only requires that the defendant

21   allocute to there being some reason why Medicare would not

22   have paid those claims, that he knew that there was some

23   reason that Medicare would not have paid those claims, and

24   that the claims were for some reason ineligible and were

25   satisfied by the kickbacks inducing the prescriptions.

1          THE COURT:  Now, let me just try to put that into

2     non-lawyer words for you, Mr. Yiu.  First of all, did you have

3     an agreement with at least another person that you would

4     accept these kickbacks in return for submitting the

5     prescription requests?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  And did you know at the time that what

8     you were doing was wrong or against the law?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  And as part of this agreement and

11     receipt of the kickbacks, did you know that the prescriptions

12     that you were writing would otherwise have not been paid for

13     by Medicare had you not written the prescriptions?

14          MR. CHABROWE:  Meaning -- okay.  That's fine.

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  Did you know that the payor or who the

17     person that or the entity that would be paying the price of

18     those prescriptions was either Medicare or Medicaid?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  I may have missed another one of the

21     items that you thought was necessary, Ms. Glaser Dauermann.

22          MS. GLASER DAUERMANN:  No, Your Honor.  That's

23     satisfactory to the government.

24          THE COURT:  Can you describe for me, in addition to

25     the factual allocution that the defendant has just made, what

*Proceedings*                                                    24

 1   else, if anything, the government would be able to prove at

 2   trial?

 3          MS. GLASER DAUERMANN:  Yes, Your Honor.  We would

 4   prove that the defendant received several hundred thousand

 5   dollars in kickbacks in exchange for the period of

 6   approximately 18 months in exchange for referring patients to

 7   AC Pharmacy for the purpose of them filling prescriptions at

 8   the pharmacy.  We would also prove at trial that at least some

 9   of those prescriptions were not medically necessary.

10          THE COURT:  Mr. Chabrowe, are you aware of anything

11   else that is necessary in order to have a complete allocution

12   to Count 1 of the indictment?

13          MR. CHABROWE:  No.

14          THE COURT:  So based on the information that has

15   been given to me, as well as my observations of the defendant

16   here in court today and his demeanor in court, and the

17   representations of counsel for the government and the defense,

18   I find that Mr. Yiu is fully competent and capable of entering

19   an informed plea, that he is aware of the nature of the

20   charges and the consequences of his plea, and that his plea of

21   guilty is a knowing and voluntary plea and is supported by an

22   independent basis and fact containing the essential elements

23   of the offense.  I, therefore, accept Mr. Yiu's plea of guilty

24   to Count 1 of the indictment.

25          Now, Mr. Yiu, what is going to happen now is that

*Proceedings*                                                              25

1    the probation department will prepare what I referred to

2    earlier as a presentence report.  As part of preparing that

3    report, they're going to try to interview you.  It is your

4    right to be interviewed, if you want.

5              You don't have to be interviewed, but if you choose

6    to be interviewed by the probation department, you also have

7    the right to have your attorney present with you when they

8    interview you.  Do you understand that?

9              THE DEFENDANT:  I understand, Your Honor.

10             THE COURT:  And after they prepare that report,

11   you'll have an opportunity to review the report, and with the

12   assistance of your attorney, to file any objections that you

13   might have to the report or to correct anything that you think

14   is mistaken in the report.

15             Do you understand that?

16             THE DEFENDANT:  I understand Your Honor.

17             THE COURT:  Now, what I'm going to do is put this

18   down for a control date for the probation department to issue

19   its presentence report.

20             That control date is June 4th.  Once the probation

21   department issues its report, I'll then issue a schedule that

22   will have the actual sentencing date, as well as other

23   relevant dates for when sentencing related submissions have to

24   been made.

25             Do you have any questions about that, Mr. Yiu?

*Proceedings*                                                26

1        THE DEFENDANT:  No, Your Honor.

2        THE COURT:  Is there anything else at this point

3   that we need to take care of?

4        MS. GLASER DAUERMANN:  Nothing further from the

5   government.  Thank you, Your Honor.

6        THE COURT:  Mr. Chabrowe, anything else?

7        MR. CHABROWE:  No.  Thank you for your patience with

8   scheduling of the plea, Your Honor.  I know it's been moved a

9   couple of times.

10        THE COURT:  I appreciate the dilemmas of scheduling

11   for a busy attorney.  That is not a problem at all.  With

12   that, we are adjourned.  Like I said, I'll issue a scheduling

13   order once the presentence report is filed with the Court.

14   Thank you.  Have a good evening.

15

16             (Proceedings concluded at 4:00 p.m.)

17         - - - - - - - - - - - - - - - - - -

18

19        I certify that the foregoing is a correct transcript

20   from the record of proceedings in the above-entitled matter.

21

22   */S/ Nicole Sesta, RMR, CRR*
     *Court Reporter/Transcriber*

23

24   *August 8, 2024*
          *Date*

25