UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER OF FORFEITURE |
| - against - | 23-CR-89 (HG) |
| JOHN YIU, | |
| Defendant. | |

- - - - - - - - - - - - - - - X

WHEREAS, on or about March 6, 2024, John Yiu (the "defendant"), entered a plea of guilty to the offense charged in Count One of the above-captioned Indictment, charging a violation of 18 U.S.C. § 1349; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(7), the defendant has consented to the entry of a forfeiture money judgment in the amount of three hundred ninety-seven thousand four hundred four dollars and forty-three cents ($397,404.43) (the "Forfeiture Money Judgment"), as property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1349, and/or a substitute asset, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1).

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1), and 21 U.S.C. § 853(p).

2. All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Tanisha R. Payne, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or before the date of sentencing (the "Due Date").

3. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant shall forfeit any other property of his up to the value of the outstanding balance, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

4. Upon entry of this Order of Forfeiture ("Order"), the United States Attorney General or his designee is authorized to conduct any proper discovery in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5. The defendant shall fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any

person or entity to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

    6.  The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

    7.  The entry and payment of the Forfeiture Money Judgment is not to be considered a payment of a fine, penalty, restitution loss amount or a payment of any income taxes that may be due, and shall survive bankruptcy.

    8.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment of conviction.  This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the monies and/or properties paid toward the Forfeiture Money Judgment shall be forfeited to the United States for disposition in accordance with the law.

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. This Order shall be final and binding only upon the Court's "so ordering" of the Order.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: Nicole Brown, ProMinds Paralegal, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated:   Brooklyn, New York
         _____, 2024

SO ORDERED:

_____
HONORABLE HECTOR GONZALEZ
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK