

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

MGD
F. #2021R00825

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 8, 2024

By Email

Probation Officer Erica Vest
United States Probation Office
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. John Yiu
                  Criminal Docket No. 23-89 (HG)

Dear Officer Vest:

      As you requested, this letter responds to the Objection to the Pre-Sentence Report ("PSR") filed by defendant John Yiu. (ECF No. 35 (the "Objection").) The government opposes the Objection and respectfully requests that no amendment be made to the PSR.[1]

      In the Objection, the defendant opposes the Probation Department's statement that the Court could consider an upward departure based on his prescription of medically unnecessary medications. The defendant's underlying factual assertion – that he prescribed diclofenac epolamine "well before the period of time where" he began accepting kickbacks in exchange for prescriptions – is wrong. (Objection at 4.)

      According to data produced in discovery,[2] the defendant first prescribed diclofenac epolamine in June 2019, just two months before the August 2019 beginning of the conspiracy. In June and July 2019, the defendant prescribed diclofenac epolamine 19 times.

---

[1] The government did not previously address this Objection because it bore on a potential upward departure. To be clear, the government adheres to the plea agreement and makes no request for an upward departure. The government responds at the request of the Probation Department to address the factual assertion made by the defendant regarding his prescribing history.

[2] The data summarized in this letter was produced to the defendant on May 2, 2023, under the Bates number DOJ_0065935, and is available to the Probation Department and the Court upon request.

Beginning in August 2019, he prescribed diclofenac epolamine to AC Pharmacy customers over 850 times.

In his sentencing memorandum the defendant asserts that the advent of the COVID-19 pandemic explains the sudden spike in diclofenac epolamine prescriptions. (Defendant's Sentencing Memorandum at 12-13, ECF No. 39.) This, too, is untrue; rather, between August 2019 and February 2020 the defendant prescribed diclofenac epolamine to AC Pharmacy customers approximately 225 times, or more than a quarter of his total prescriptions as part of the scheme.

That the defendant refused to admit during his plea allocution that he had issued prescriptions absent medical necessity (Objection at 5) is of no moment. The simple truth is that the defendant agreed to receive kickbacks for prescriptions and promptly began prescribing hundreds of patients an expensive medication he had previously prescribed only a handful of times. He then tried to explain this pattern by pointing to a pandemic that began months later. The Probation Department and the Court can and should conclude from the defendant's prescribing history, and from his inapposite excuses, that at least some of the defendant's diclofenac epolamine prescriptions lacked medical necessity.

Respectfully submitted,

BREON PEACE
United States Attorney
Eastern District of New York

GLENN S. LEON
Chief, Fraud Section
Criminal Division
United States Department of Justice

By: /s/ Miriam L. Glaser Dauermann
Miriam L. Glaser Dauermann
Trial Attorney
United States Department of Justice
Criminal Division, Fraud Section
(718) 254-7575

cc: Jeffrey Chabrowe, Esq. (by email)